UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECT PURCHASER PLAINTIFFS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VANTAGESCORE SOLUTIONS, LLC,<br><br>Defendant. | Case No. 24-mc-80144-LJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO TRANSFER CASE AND MODIFY BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 3 |

The parties to this miscellaneous case arising from a motion to enforce a subpoena issued under the authority of the Northern District of Illinois have stipulated to transfer their dispute to the that district, where the underlying civil action is pending. The Federal Rules of Civil Procedure allow a court to "transfer a motion under [Rule 45] to the issuing court if the person subject to the subpoena consents". Fed. R. Civ. P. 45(f). Under most if not all circumstances, consent by the party subject to a subpoena is sufficient to warrant transfer even if the issuing party objects, because the rule requiring a motion to be brought in the district where compliance would occur (rather than in the issuing court overseeing the underlying litigation) is intended to protect the party subject to the subpoena. *See, e.g.*, *Dr. Muhammad Mirza & Allied Medical & Diagnostic Servs., LLC v. Yelp, Inc.*, No. 21-mc-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021); *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-mc-80006-JSC, 2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017); *see also San Juan Cable LLC v. DISH Network LLC*, No. CV 14-mc-00261-RM-MJW, 2015 WL 500631 (D. Colo. Jan. 23, 2015) ("It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.").

Here, the issuing and receiving parties all consent to transfer. In light of that consent, the issuing court's greater familiarity with the underlying litigation, and the lack of any indication of

1  bad faith, the stipulation to transfer is GRANTED.  The Clerk is instructed to transfer this case to
2  the Northern District of Illinois.
3        The parties have also stipulated to modify the briefing schedule and page limits applicable
4  to the motion to compel compliance.  Such requests are better addressed to the court that will
5  resolve that motion.  Those portions of the stipulation are therefore DENIED, without prejudice to
6  the parties renewing their requests after the case has been transferred.
7        **IT IS SO ORDERED.**
8  Dated: June 14, 2024

LISA J. CISNEROS
United States Magistrate Judge